OPINION JUDGMENT ENTRY
{¶ 1} On March 15, 2003, appellant, Craig Henry, Jr., was charged with possession of marijuana in violation of Ashland Codified Ordinance 513.03, underage consumption of alcohol in violation of R.C. 4301.69 and possession of drug paraphernalia in violation of R.C. 2925.14.
 {¶ 2} On April 8, 2003, appellant filed a motion to suppress his statements. A hearing was held on April 28, 2003. By judgment entry filed May 27, 2003, the trial court granted the motion. The state subsequently dismissed the underage consumption and drug paraphernalia charges.
 {¶ 3} Following a no contest plea, sentence and remand by this court, appellant pled no contest to the possession of marijuana charge on January 9, 2004. By journal entry filed January 16, 2004, the trial court sentenced appellant to thirty days in jail and ordered him to pay a $250 fine.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 5} "The trial court committed prejudicial error by imposing a jail sentence and fine for a fourth degree misdemeanor where the appellant had no prior record and had been found indigent."
 II {¶ 6} "The trial court committed prejudicial error by imposing a jail sentence for a fourth degree misdemeanor where the appellant had no prior record and the stautory sentencing factors did not support a jail sentence."
 I {¶ 7} Appellant claims the trial court erred in imposing a jail sentence and fine for a fourth degree misdemeanor. Specifically, appellant claims the jail sentence and fine were improper because he did not have a previous criminal record, was indigent and suffered from seizures. We agree in part.
 {¶ 8} Sentencing and imposing fines are within the sound discretion of the trial court. State v. O'Dell (1989),45 Ohio St.3d 140. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
 {¶ 9} Misdemeanor sentencing is governed by R.C. 2929.22
which states as follows:
 {¶ 10} "(A) In determining whether to impose imprisonment or a fine, or both, for a misdemeanor, and in determining the term of imprisonment and the amount and method of payment of a fine, the court shall consider the risk that the offender will commit another offense and the need for protecting the public from the risk; the nature and circumstances of the offense; the history, character, and condition of the offender and his need for correctional or rehabilitative treatment; any statement made by the victim, if the offense is a misdemeanor specified in division (A) of section 2930.01 of the Revised Code; and the ability and resources of the offender and the nature of the burden that payment of a fine will impose on him.
 {¶ 11} "(B) The following do not control the court's discretion, but shall be considered in favor of imposing imprisonment for a misdemeanor:
 {¶ 12} "(1) The offender is a repeat or dangerous offender;
 {¶ 13} "(2) Regardless of whether or not the offender knew the age of the victim, the victim of the offense was sixty-five years of age or older, permanently and totally disabled, or less than eighteen years of age at the time of the commission of the offense.
 {¶ 14} "(C) The criteria listed in section 2929.12 of the Revised Code, favoring shorter terms of imprisonment for felony, do not control the court's discretion, but shall be considered against imposing imprisonment for a misdemeanor.
 {¶ 15} "(D) The criteria listed in divisions (B) and (C) of this section shall not be construed to limit the matters which may be considered in determining whether to impose imprisonment for a misdemeanor.
 {¶ 16} "(E) The court shall not impose a fine in addition to imprisonment for a misdemeanor, unless a fine is specially adapted to deterrence of the offense or the correction of the offender, the offense has proximately resulted in physical harm to the person or property of another, or the offense was committed for hire or for purpose of gain.
 {¶ 17} "(F) The court shall not impose a fine or fines which, in the aggregate and to the extent not suspended by the court, exceeds the amount which the offender is or will be able to pay by the method and within the time allowed without undue hardship to himself or his dependents, or will prevent him from making restitution or reparation to the victim of his offense."
 {¶ 18} Appellant was convicted of Ashland Codified Ordinance513.03, Possession of Marijuana, a misdemeanor in the fourth degree, where the possible sentence was thirty days in jail, a $250.00 fine and court costs. The trial court sentenced appellant to thirty days in jail, fifteen days suspended, and imposed a $250.00 fine and court costs, finding defense counsel and appellant both had the opportunity to speak and "present information in mitigation" and there was "no good and sufficient cause being shown to mitigate punishment." Judgment Order filed January 22, 2004.
 {¶ 19} This judgment order, and the transcript of the sentencing hearing, do not list any of the prerequisites set forth in R.C. 2929.22(E). Therefore, although we find the trial court did not abuse its discretion in ordering jail time and costs, the trial court erred in fulfilling the mandates of R.C.2929.22(E) when it imposed the fine. The assignment of error is granted as to the fine, but denied as to the jail time and costs.
 {¶ 20} Assignment of Error I is granted in part.
 II {¶ 21} Appellant claims the trial court committed prejudicial error in imposing a jail sentence for a fourth degree misdemeanor. Specifically, appellant claims the trial court erred in imposing the "standard sentence" for the offense of possession of marijuana which has been in effect in the Ashland Municipal Court for over fifteen years. We disagree.
As noted supra, we did not find the imposition of a thirty day jail sentence, fifteen days suspended, to be an abuse of discretion. The record before this court does not establish a blanket jail sentencing policy for the offense of possession of marijuana.
 {¶ 22} Assignment of Error II is denied.
 {¶ 23} The judgment of the Municipal Court of Ashland County, Ohio is hereby affirmed in part and reversed in part.
Judgment affirmed in part and reversed in part.
Farmer, J., Gwin, P.J., and Boggins, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Municipal Court of Ashland County, Ohio is affirmed in part and reversed in part. Costs to appellee.